IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
APR 06 2021
Nathan Ochsner, Clerk of Court

CURTIS ALLEN GAMBILL,
PETE ARMENTA, JR.,
JESSE WADE HOLT,
MARK ANTHONY REYNA,
EDDIE RAY FOWLER, JR.,
PRISCILLIANO MARTINEZ,
JUAN ANTONIO DE LEON,
JOSEPH MARTINEZ,
    Plaintiffs,
vs.

BRYAN COLLIER,
STEPHEN BRYANT,
TARA BURSON,
JOHN WERNER,
ROCKY N. MOORE,
ASHLEY L. HASTINGS,
VIRGINIA S. STEVENS,
    Defendants,

Case No. _____

PLAINTIFFS' MOTION FOR CLASS ACTION CERTIFICATION

## MOTION FOR CLASS ACTION CERTIFICATION

COMES NOW, Curtis Gambill, plaintiff pro se, and submits this Motion for Class Certification under Rule 23(a)(1)-(4)(b)(1)-(3) of the Federal Rules of Civil Procedure, requesting that this Honorable Court certify the above-entitled joint-plaintiff complaint as a state-wide class action for the following reasons:

1. The plaintiff's allegations are not isolated unit incidents and effect other inmates similarly throughout the Texas Department of Criminal Justice.

2. The potential number of similarly effected unnamed class members throughout TDCJ custody would likely exceed 300 men and women, making joinder of all class members impracticable.

3. The vast majority of potential class members are unlikely to ever bring their own suits due to poverty, lack of resources, illiteracy, language barriers, lack of education, fear of apprisals, geographic dispersion of class members, and/ or limited access to legal resources.

4. Due to these factors, it is improbable that more than a few would ever

(1)

otherwise receive the relief sought here on their behalf.

5. There are questions of law or fact common to all named and unnamed plaintiffs.

6. The claims and defenses of the representative parties are typical of the claims and defenses of the other potential class members.

7. The named plaintiffs have common interests with unnamed class members and will vigorously prosecute and/or protect the interests of the class.

8. The party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

9. No prospective relief requested by named plaintiffs would in any way effect any other potential class member in a negative or harmful way.

10. The ascertainability of this potential class is easily defined due to the fact that TDCJ has exact numbers and locations of all state prisoners so-designated with SPD codes and punitively confined.

WHEREFORE, plaintiffs respectfully pray that this Honorable Court will grant statewide class certification to all punitively-housed TDCJ prisoners similarly effected with Security Precaution Designator Codes under the above-entitled § 1983 civil rights complaint.

Respectfully submitted this 31st day of March, 2021.

Curtis Gambill #805886
Pete Arment #2255553
Jesse Holt #136284
M. Kyhn #1213971
Eoldie Fowler #2231555
Prescilliano Martinez #2323270
Joseph M. Martinez #1960242
810 F.M. 2821
Huntsville, Tx. 77349
Vernon A. DeLeon #2060521

(2)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CURTIS ALLEN GAMBILL,
PETE ARMENTA, JR.,
JESSE WADE HOLT,
MARK ANTHONY REYNA,
EDDIE RAY FOWLER, JR.,
PRISCILLIANO MARTINEZ,
JUAN ANTONIO DE LEON,
JOSEPH MICHAEL MARTINEZ,

 Plaintiffs,

vs.

BRYAN COLLIER,
STEPHEN BRYANT,
TARA BURSON,
JOHN WERNER,
ROCKY N. MOORE,
ASHLEY L. HASTINGS,
VIRGINIA S. STEVENS,

 Defendants.

Case No. _____

DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION CERTIFICATION

## DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION
## FOR CLASS ACTION CERTIFICATION

CURTIS GAMBILL declares the following:

1. I am a named plaintiff in the above-entitled joint-plaintiff case. I make this declaration in support of Plaintiffs' Motion for Class Action Certification.

2. The complaint in this case alleges that plaintiffs have devised a de facto policy of indefinite punishment through the means of SPD codes and has subjected plaintiffs to cruel and unusual punishment, denied them due process, and have treated plaintiffs disparately without cause in violation of plaintiffs' constitutional rights.

3. Plaintiffs have experienced similar treatment on their previous units, and have first-hand knowledge of other inmates who have been singled out and subjected to similar constitutional deprivations on other TDCJ units.

4. Defendants Collier, Bryant, Burson, and Werner have authority and con-

(1)

trol over all unit operations within TDCJ's Region One, which encompasses numerous TDCJ units and tens of thousands of inmates. It is plaintiff's belief that the potential number of similarly effected unnamed class members would likely be .5 percent to 1 percent of TDCJ's overall offender population, and would range from 250 to 750 offenders.

5. Plaintiff Gambill has endured over 19 years of punitive confinement, to include 13 years and 9 months in administrative segregation due to the defendant's indefinite extension of an outdated SPD. Plaintiff Gambill has witnessed other inmates on mutiple units, who have been singled out and targeted for indefinite punishment by TDCJ authorities across all levels of punitive confinement (Ad-Seg, G-5, and G-4) by arbitrarily and capriciously extending SPD codes. It is plaintiff Gambill's belief that most inmates suffer in silence and rarely, if ever, seek relief.

6. Plaintiffs, and the vast majority of potential class members, are unlikely to ever bring a legal challenge of their own due to lack of resources, education, the harsh punitive restrictions they are being forced to endure, a very legitimate fear of apprisals, language barriers, illiteracy, and limited access to legal resources.

7. Plaintiffs believe these factors, including the institutional mindset of quietly enduring obvious wrongs, would prevent the vast majority of potential class members from ever receiving the relief sought on their behalf.

8. There are questions of law or fact common to all named and unnamed plaintiffs due to the harsh punitive nature of SPD codes, and TDCJ's de facto policy of indefinitely extending them, denying SPD offenders hearings and dates, and subjecting SPD offenders throughout TDCJ to disparate, and cruel punishment.

9. The claims and defenses of the representative parties are typical of the claims and defenses of other potential class memebrs, due to the nature of SPD implementation, the denial of due process, and the ease with which defendants

(2)

can override legitimate policy to arbitrarily extend punishments on targeted individuals throughout TDCJ.

10. The named plaintiffs have a definite common interest with unnamed class members and will vigorously protect the interest of other potential class members.

11. Plaintiffs have all suffered similar treatment on multiple units and the party opposing the class has acted and/or refused to act on grounds that apply to all class members, so that final injunctive relief or corresponding declaratory relief would be appropriate for the entire class across the board.

12. No prospective relief requested by plaintiffs would negatively impact any other potential class member.

13. The potential class is easily defined, and TDCJ classification officials can grant this Court exact numbers of punitively confined and restricted SPD inmates, as well as those who have exceeded all mandated time criteria limits and policy based criteria for reviews, downgrades and/or removal of old codes.

WHEREFORE, the plaintiff prays that this Honorable Court will grant plaintiff's motion for class action certification.

Pursuant to 28 U.S.C. § 1746, I, Curtis Gambill, hereby declare under penalty of perjury, that the foregoing is true and correct to the best of my belief and knowledge.

Signed this __31st__ day of __March__, 2021.

_Curtis Gambill_
Curtis Gambill TDCJ# 805886
810 F.M. 2821
Huntsville, Tx. 77349

## CERTIFICATE OF SERVICE

I, Curtis A. Gambill, hereby certify that I have caused to be served to the below named true and correct copies of the foregoing documents via pre-paid TDCJ prison mail service and the U.S. Postal Service's first class mail.

Nathan Ochsner
Clerk of Court
United States District Court
P.O. Box 61010
Houston, TX. 77208

Dated this 31st day of March, 2021.

*Curtis Gambill*
Curtis A. Gambill #805886

Curtis Gambill #805886
810 F.M. 2821
Huntsville, Tx. 77349



United States Courts
Southern District of Texas
FILED
APR - 6 2021
Nathan Ochsner, Clerk of Court

United State District Court
Clerk of Court Nathan Ochsner
P.O. Box 61010
Houston, Texas    77208

Legal Mail *