Case 4:21-cv-01076   Document 32   Filed on 08/23/21 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
August 23, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CURTIS ALLEN GAMBILL, et al., § <br> (TDCJ-CID #805886) § <br>   § <br> Plaintiffs, § <br>   § <br> vs. § <br>   § <br> BRYAN COLLIER, et al., § <br>   § <br> Defendants. § | CIVIL ACTION H-21-1076 |

# ORDER

Curtis Allen Gambill, Pete Armenta, Jr., Jesse Wade Holt, Mark Anthony Reyna, Eddie Ray Fowler, Prescilliano Martinez, Juan Antonio De Leon, and Joseph M. Martinez sue the following prison officials:

1. Bryan Collier, Executive Director of the TDCJ;

2. Stephen Bryant, Region 1 Director of TDCJ;

3. Tara Burson, Chairperson of Central Classification and Records of TDCJ;

4. John Werner, TDCJ Deputy Director of Support Operations;

5. Rocky N. Moore, Senior Warden of Wynne Unit;

6. Ashley L. Hastings, Program Supervisor I at Wynne Unit, Chief of Unit Classification, and voting member of Unit Classification Committee; and

7. Virginia S. Stevens, Classification Manager II at Wynne Unit, voting member of Unit

O:\RAO\VDG\2021\21-1076.c01.wpd

Classification Committee.

Plaintiffs are seeking declaratory and injunctive relief under 42 U.S.C. § 1983, alleging current and long-standing abuses in violation of their rights to be free from cruel and unusual punishment, and to be afforded due process and equal protections under the law, as protected by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. They complain of the conditions of confinement at the Wynne Unit. They complain of the denial of due process resulting from the retroactive application of a new administrative directive A.D. 04.11 that authorized the use of Security Precaution Designators (SPD codes). They complain of violations resulting from defendants' arbitrary and indefinite application of these ultra-punitive SPD codes. They assert that inmates with SPD codes were stripped of their jobs, removed from educational, vocational, and rehabilitational programs and transferred to punitive custody housing assignments that were previously reserved for those found guilty of major rule violations. Plaintiffs suffer repeated water outages, floods, broken pipes, and clogged and overflowing toilets and sinks. They complain of the denial of adequate medical care following exposure to the Coronavirus.

They ask the Court to certify a general class. The General Class will consist of all TDCJ inmates who are currently punitively housed due to Security Precaution Designator Codes. (Docket Entry No. 6).

A litigant must satisfy four threshold requirements to obtain class certification:

1. First, the class is so numerous that joinder of all members is impracticable;

2. Second, there are questions of law or fact common to the class;

3. Third, the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

4.  Fourth, the representative parties will fairly and adequately protect the interests of the class.

F.R.C.P. 23(a); *see also Amchem Prods., Inc. v. Windsor,* 117 S. Ct. 2231, 2245 (1997). Plaintiffs bear the burden of proof with respect to these requirements. *Castano v. American Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996).

The Court assumes without deciding that Plaintiffs could satisfy the first three prerequisites for class certification. But they cannot meet the fourth criteria regarding adequacy of representation. To meet the adequacy requirement, "the court must find that class representatives, their counsel, and the relationship between the two are adequate to protect the interests of absent class members." *Unger v. Amedisys, Inc.*, 401 F.3d 316, 321 (5th Cir. 2005) (citing *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002)). Plaintiffs do not have counsel and proceed here pro se. As such, they cannot establish adequate representation of the rights of others. *See McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 162 (5th Cir. 1995) (per curiam) (citing *Gonzales v. Cassidy*, 474 F.2d 67, 72 (5th Cir. 1973)).

Plaintiffs are vigorously pursuing this suit. But courts have consistently held that "a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action." *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992) (citations omitted); *see also DeBrew v. Atwood*, 792 F.3d 118, 132 (D.C. Cir. 2015). A respected treatise specifically states that "class representatives cannot appear pro se." 7A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1769.1 & n.13 (3rd ed. 2020) (collecting cases).

Plaintiffs request appointment of counsel for the proposed class under Rule 23(g). Rule 23(g) isn't designed to enable pro se plaintiffs to obtain appointed counsel in conjunction with class

certification. The purpose is instead to ensure that the proposed class counsel is adequate. *Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015). No automatic right to appointment of counsel exists in civil rights cases. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Where a litigant proceeds in forma pauperis, the Court may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). But the Supreme Court instructs that the statute governing in forma pauperis cases doesn't authorize "coercive appointments of counsel" for indigent litigants in civil cases. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 109 S. Ct. 1814, 1823 (1989).

The motion by Plaintiffs for class certification is DENIED at this time. (Docket Entry No. 6). It may be raised again at a later, appropriate procedural juncture.

SIGNED at Houston, Texas, on ____August 23_____, 2021.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE