IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CURTIS ALLEN GAMBILL, et al., § § § *Plaintiffs*, § § v. § § BRYAN COLLIER, *et al.*, § § *Defendants.* § | Civil Action No. 4:21-cv-01076 |

**DEFENDANTS OPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [ECF No. 106] AND FIRST AMENDED MOTION TO CERTIFY CLASS AND APPOINT CLASS COUNSEL [ECF No. 107]**

Defendants Bryan Collier, Stephen Bryant, Tara Burson, John Werner, Rodger Bowers, Ashley Hastings, and Virginia Stevens file this motion for an extension of time to respond to Plaintiffs' Motion for Leave to File Amended Complaint (64 pages) [ECF No. 106] and Plaintiffs' First Amended Motion to Certify Class and Appoint Class Counsel [ECF No. 107]. In support, Defendants offer the following:

**I.      STATEMENT OF THE CASE**

Plaintiffs Curtis Gambill, Jesse Holt, Mark Reyna, Eddie Fowler, Prescilliano Martinez, and Juan DeLeon are current and former inmates of the Texas Department of Criminal Justice (TDCJ) Wynne Unit. Plaintiffs, represented by counsel, sue several TDCJ officials in their official capacity seeking declaratory and injunctive relief under 42 U.S.C. § 1983. *See* ECF Nos. 1, 47, 48, 49, 50, 51, 52, 53. Plaintiffs allege generally that the Defendants have violated their due process rights by failing to afford them with a hearing before placing a "Security Precaution Designator" (SPD) code, causing them to remain in restrictive housing at the Wynne Unit. *Id.* Plaintiffs also allege that they were not afforded equal protection because other inmates with SPD codes were treated differently. *Id.*

Defendants filed their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) on April 24, 2024, and their Supplemental Motion to Dismiss on May 23, 2024. ECF Nos. 98, 110. Plaintiffs have responded to Defendants' original motion to dismiss [ECF No. 108] but have not yet had the opportunity to respond to Defendants' supplemental motion to dismiss asserting sovereign immunity. As such, the motion to dismiss (including the supplemental argument) is still pending before the Court.

After Defendants filed their original motion to dismiss, Plaintiffs filed their Motion for Leave to File Amended Complaint and Amended Motion to Certify Class and Appoint Class Counsel [ECF Nos. 106, 107]. Defendants request a stay of all pending motions and deadlines set forth in the scheduling order until the resolution of their pending Motion to Dismiss and Supplemental Motion to Dismiss asserting mootness and sovereign immunity, which if granted, would be fully dispositive. Should any part the motion to dismiss be denied, Defendants would need more time from the entry of the order denying the motion to dismiss to respond to Plaintiffs' motion for leave to amend complaint. In turn, should the motion for leave to amend the complaint be granted, Defendants would need time to respond, and service of process would need to be effectuated on newly named Defendants before they can respond to the motion for class certification.

## II.    ARGUMENT

Defendants filed a motion to dismiss based on sovereign immunity and standing. "[S]overeign immunity is an immunity from suit." *Russell v. Jones*, 49 F.4th 507, 512 (5th Cir. 2022). One of the primary purposes of sovereign immunity is to shield the state, its agencies, and its employees from the burdens of litigation. *See Weingarten Realty Investors v. Miller*, 661 F.3d 904, 911 (5th Cir. 2011) ("[The] Constitution entitles a party to be free from the burden of litigation when protected by . . . sovereign immunity."); *Preble-Rish Haiti, S.A. v. BB Energy USA, LLC*, No. 21-20534, 2021 WL 5143757 at *2 (5th Cir. 2021) ("[P]art of the purpose of [sovereign immunity] is to protect the defendant from the burdens of litigation itself."); *see also Ex parte Eyers*, 123 U.S. 443, 404 (1887) ("The very object and

purpose of the eleventh amendment were to prevent the indignity of subjecting a state to the coercive process of judicial tribunals at the instance of private parties.").

As such, the Fifth Circuit has held that entitlement to sovereign immunity, like entitlement to qualified immunity, "should be determined at the earliest possible stage of the litigation.'" *See In re Paxton*, 60 F.4th 252, 257 & n. 2 (5th Cir. 2023) (quoting *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022)). The Court's duty to ascertain the applicability of sovereign immunity before subjecting state actors to the burdens of litigation is "**non-discretionary**." *Id.* at 258–59 (emphasis added); *see also Tex. v. Caremark, Inc.*, 584 F.3d 655, 658 (5th Cir. 2009) ("[T]he sovereign immunity question **must** be decided before further litigation proceeds; otherwise, the object and purpose of sovereign immunity—to shield the states from the burden of suits to which they have not consented—is violated.") (emphasis added); *Hunter v. Bryant*, 502 U.S. 224, 228 (1991) ("Immunity ordinarily should be decided by the court long before trial.").

Similarly, mootness is a threshold jurisdictional inquiry. *La. Envtl. Action Network v. U.S. Envtl. Prot. Agency*, 382 F.3d 575, 580 (5th Cir. 2005). "In general, a claim becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *La. Env't*, 382 F.3d at 581 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). "The mootness doctrine requires that the controversy posed by the plaintiff's complaint be 'live' not only at the time the plaintiff files the complaint but also throughout the litigation process." *Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990). "An action is moot where (1) the controversy is no longer live or (2) the parties lack a personal stake in its outcome." *Id.* at 867. Therefore, "[m]ootness applies when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013). Even if Defendants fail to raise the issue of mootness, the Court can nonetheless address it sua sponte. *See Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998) ("a federal court is obligated to raise the mootness issue,

sua sponte, if the facts suggest mootness notwithstanding the silence of the parties with respect to the issue"); *Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990) ("a mootness issue quite clearly can be raised sua sponte if not addressed by the parties").

Defendants do not seek this stay of deadlines for purposes of delay, but for judicial efficiency. Plaintiffs' will not be prejudiced by this stay.

### III. CONCLUSION

Defendants respectfully seek a stay of all deadlines pending the resolution of their motion to dismiss (and supplemental motion to dismiss) based on standing and sovereign immunity.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Briana M. Webb*
**BRIANA M. WEBB**
Assistant Attorney General
State Bar No. 24077883
Briana.Webb@oag.texas.gov

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 370-9814

**ATTORNEYS FOR DEFENDANTS**

4

## CERTIFICATE OF SERVICE

I, **BRIANA M. WEBB**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served to all counsel of record via the Electronic Case Filing System of the Southern District of Texas on May 23, 2024.

*/s/ Briana M. Webb*
**BRIANA M. WEBB**
Assistant Attorney General

## CERTIFICATE OF CONFERENCE

I, **BRIANA M. WEBB**, Assistant Attorney General of Texas, do hereby certify that on May 23, 2024, I conferred with Plaintiffs' counsel, Maryam Ghaffar, via email and she is opposed to this motion.

*/s/ Briana M. Webb*
**BRIANA M. WEBB**
Assistant Attorney General