

January 7, 2026

*Via email to: Kellie_Papaioannou@txs.uscourts.gov and e-filing via PACER*

The Honorable Drew B. Tipton
United States District Court
Southern District of Texas - Houston Division

Re:     Cause No. 4:21-CV-01076 – *Curtis Allen Gambill et al.*, individually and on behalf of all others similarly situated *vs. Bryan Collier et al.*, in their official capacities.

        Discovery dispute re: Individualized Discovery

Dear Judge Tipton:

This letter is to update the Court regarding an ongoing discovery dispute between the Parties and is intended to supplement Defendants' June 20, 2025, and November 19, 2025, letters [ECF Nos. 167, 167-1].

As highlighted in the previous letters, discovery propounded on Defendants includes requests seeking thousands of pages of documents and files specifically relating to each individual class member. Although the Parties have conferred multiple times in good faith to narrow the discovery, Plaintiffs have made clear that they "still require individualized discovery for the class members." Ex. A. Defendants originally objected to this type of discovery as not proportional to the needs of the case, overbroad, and unduly burdensome, and provided affidavits to cumbersome effect of the requests. In good faith, Defendants agreed to Plaintiffs' proposal to produce documents limited to the Named Plaintiffs and the first "tranche" of 21 class members identified by Plaintiffs. Defendants have been working for several months to provide this discovery despite pending objections for the individualized nature of the discovery, in an effort to continue the case while the Defendants' motion for reconsideration and first discovery letter were pending.

Through discovery conferences, it is clear that Plaintiff's counsel intends to continue seeking individualized discovery regarding each of the approximately 450 class members in an ever-changing class. At the very least, this discovery consists of Classification and Unit Classification Committee files of each unnamed class member, full disciplinary files, grievance files, Individualized Treatment Plants and "lists or summaries of programming completed for each class member." Ex. B. Plaintiff also seek "all documents and communications regarding the placement, maintence, or removal of SPD codes for each class member," a "master list of programming

available at each unit…specifying the offerings of said programming in the G4, G5, or ad seg wings," and documentation showing the amount of time class members spend in their cell." *Id*. Although Plaintiffs have currently limited this request to Named Plaintiffs, the 21 class members in the first tranche, and specific units, Plaintiffs have indicated their intent to continue working in tranches through the class members and TDCJ units (of which there is approximately 100).

However, the Court's recent order denying Defendants' motion for reconsideration clarifies that individualized discovery is not necessary for Plaintiffs to prove their claims. *See* ECF No. 168. The Court identifies the common questions of fact and law to be "whether TDCJ has a practice of violating written policy by refusing to allow Plaintiffs to contest their SPD designations after 10 years and whether refusing to allow inmates to contest those designations consitutes a denial of due process. *Answering these question does not require an invidualized assment for each Plaintiff*." *Id*. at 7. Whether G4, G5, and administrative segregation housing status "constitutes atypical and significant hardship can be resolved on a class-wide basis." *Id*. at 8.

Defendants' position is that the common issue of law and fact—whether G4 housing and above creates a liberty interest that requires due process—must be susceptible of class-wide proof using common evidence. Otherwise, class certification would be inconsistent with the requirement of individualized discovery on a common issue.

Defendants have already produced more than necessary to Plaintiffs in regards to the first tranche of class members, including their classification files. If Plaintiffs further require individualized discovery, it goes against the purpose of a class, and the class should be de-certified. Thus, Defendants seek permission from the Court pursuant to its local rules to file a motion for protective order from the individualized discovery sought by Plaintiffs.

.

Respectfully,

*/s/ Briana M. Webb*
BRIANA M. WEBB
Assistant Attorney General
***Attorney for Defendants***

Cc:
Alex Roberts
Maryam Ghaffar
Shaun Dodson
Sarah Beebe
Randy Hiroshige

Travis Fife
Molly Petchenik
Danyelle Honoré
***Attorneys for Plaintiffs and Plaintiff Class***