

**The Trial and Appellate Law Firm**

1221 McKinney Street, Suite 4500
Houston, Texas 77010
Phone: 713.951.3700   Fax: 713.951.3720
www.beckredden.com

Maryam Ghaffar
+1 713.951.6208
mghaffar@beckredden.com

January 16, 2026

*Via PACER and email to: Kellie_Papaioannou@txs.uscourts.gov*

The Honorable Drew B. Tipton
United States District Court
Southern District of Texas - Houston Division

RE:    Cause No. 4:21-CV-01076 – *Curtis Allen Gambill et al.*, individually and on behalf of all others similarly situated *vs. Bryan Collier et al.*, in their official capacities.

Plaintiffs' Response to Defendants' Letter re: Individualized Discovery (Dkt. 170)

Dear Judge Tipton:

In accordance with Section 13 of this Court's procedures, Plaintiffs submit this letter in response to Defendants' discovery letter (Dkt. 170).

On March 31, 2025, this Court certified a class of all individuals in TDCJ custody who have an SPD code that is more than 10 years old. Dkt. 151 at 35. Defendants then filed a Motion for Reconsideration, asking the Court to decertify the class. Dkt. 153. The Court denied Defendants' Motion for Reconsideration. Dkt. 168 at 2. Defendants now ask the Court for permission "to file a motion for protective order from the individualized discovery sought by Plaintiffs." Dkt. 170 at 2. Defendants' discovery letter is yet another attempt to prevent Plaintiffs from obtaining discovery pertaining to Class Members in a certified class action and seek reconsideration of this Court's thorough and well-reasoned opinions on class certification. *See id.* (arguing that "the class should be de-certified"). The Court should not entertain this request.

Fundamentally, Defendants misunderstand this Court's class certification order and the nature of Plaintiffs' discovery requests. Defendants distort this Court's identification of common questions of law and fact into an assertion that Plaintiffs are no longer entitled to discovery pertaining to *any* individual Class Member. Dkt. 170 at 2. However, discovery into the circumstances of Class Members is still necessary to answer these common questions for the class. Plaintiffs need discovery regarding individual Class Members to learn how Defendants have enforced their SPD policy across the entire class.

This approach is not unique. Courts have recognized that plaintiffs in class actions may "seek[] discovery from a defendant so as to learn about the defendant's dealings with the class as a whole." *Vine v. PLS Fin. Servs., Inc.*, 2020 WL 408983, at *6 (E.D. Tex. Jan. 24, 2020) ("Following class certification, class counsel has a responsibility to conduct adequate discovery on behalf of the class.").

January 16, 2026
Honorable Drew B. Tipton
Cause No. 4:21-CV-01076
Page 2



So too here, Plaintiffs seek discovery to show how Defendants' SPD policy was applied across the entire class by looking for patterns in their treatment of individual Class Members. *See E.E.O.C. v. Lawler Foods, Inc.*, 128 F. Supp. 3d 972, 974 (S.D. Tex. 2015) (authorizing discovery when the plaintiff needed "documents from employer files, as well as testimony from company officials and employees, expert witnesses, and a select number of affected class members" to prove that the defendant had "a pattern-or-practice" of hiring discrimination). Only Defendants have possession, custody, and control of much of the information—including Class Members' classification files—necessary to identify such class-wide patterns.

Tellingly, Defendants cite no authority that would support their request to prevent Plaintiffs from seeking this so-called "individualized discovery."[1] This is likely because the case law prohibiting individualized discovery in class actions is designed to prevent *defendants* from seeking discovery from unnamed class members. *S. Ave. Partners LP v. Blasnik*, 2013 WL 11089796, at *3 (N.D. Tex. Sept. 19, 2013) (explaining there is a "very high" burden for defendants "to obtain discovery from absent class members"). Defendants cannot use case law that protects unnamed class members to block Plaintiffs from the discovery needed to meet their burden of proof. *See Vine*, 2020 WL 408983, at *6 ("[C]lass counsel is entitled, as in non-class action cases, to seek relevant information that will aid in the prosecution of his or her case.").

Defendants have attempted to avoid discovery since the inception of this case. Nevertheless, Plaintiffs have conferred in good faith at each stage and have made numerous accommodations. In August 2025, Plaintiffs substantially narrowed the categories of documents requested, and the Parties agreed to proceed with discovery in tranches of approximately 20-25 unnamed class members at a time to accommodate Defendants' asserted burdens. *See* **Ex. A** (August 18, 2025 Letter). Defendants have delayed producing these documents and have only recently agreed to produce responsive material for the ***first*** tranche of class members by February 13, 2026. Despite receiving generous accommodations, Defendants now balk at the discovery arrangement they agreed to and ask the Court to weigh in on yet another set of meritless objections.

Recognizing that the Court has already expended significant resources on this lawsuit, Plaintiffs are once again prepared to confer with Defendants to reach a compromise to address Defendants' stated concerns and avoid further delay. While Plaintiffs would prefer discovery on every class member (and believe they would be entitled to such discovery), they are willing to proceed with discovery on a representative sample size of Class Members and incarcerated individuals whose SPDs were removed. Plaintiffs will confer with Defendants on the parameters of the representative sample. Relying on representative samples, provided they are sufficiently numerous and actually representative, should significantly mitigate Defendants' concerns while permitting adequate class discovery to which Plaintiffs are entitled.

---

[1] Notably, the affidavits from TDCJ personnel Defendants continue to rely on all predate Plaintiffs' substantial narrowing of their document requests and the Parties' agreement to sequence discovery of unnamed class members in tranches. Accordingly, these affidavits have no bearing on Defendants' present discovery burdens.

January 16, 2026
Honorable Drew B. Tipton
Cause No. 4:21-CV-01076
Page 3



The Trial and Appellate Law Firm

     Given Plaintiffs' willingness to proceed with discovery on a representative sample of the Class, the Court should deny Defendants' request to file a motion for protective order and allow discovery to proceed.

Sincerely,

Maryam Ghaffar

Cc:
Alex Roberts
Shaun Dodson
Sarah Beebe
Randy Hiroshige
Travis Fife
Molly Petchenik
Danyelle Honoré
**_Attorneys for Plaintiffs and Plaintiff Class_**

Briana Webb
Michael Calb
**_Attorneys for Defendants_**