United States District Court
Southern District of Texas
**ENTERED**
July 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CURTIS ALLEN GAMBILL, MARK ANTHONY REYNA, EDDIE RAY FOWLER, PRESCILLIANO MARTINEZ, JUAN ANTONIO DE LEON, RAYMOND WINGFIELD, BRITNEY GULLEY, JERROD SPENCER and RICKY SMITH,<br><br>    Plaintiffs,<br><br>VS.<br><br>BRYAN COLLIER, STEPHEN BRYANT, TARA BURSON, JOHN WERNER, ASHLEY L. HASTINGS, VIRGINIA S. STEVENS, RODGER BOWERS, ROCKY N. MOORE, DANIEL DICKERSON, CAROL MONROE, MARICIA JACKSON, ELBERT HOLMES, LONNIE TOWNSEND, JERRY SANCHEZ, BOBBY LUMPKIN, TIMOTHY FITZPATRICK, MELISSA BENNETT and ERIC GUERRERO,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Case No. 4:21-CV-01076 |

## ORDER ADMINISTRATIVELY CLOSING CASE

The Parties have notified the Court that all matters in dispute and controversy between them have been fully and finally compromised and settled. They have further announced their intention to request dismissal of this action. (Dkt. No. 188). In the meantime, the Parties have requested a stay pending the administrative process required for approval of the settlement.

Accordingly, the Court finds that it is appropriate for this Civil Action to be **STAYED** and **ADMINISTRATIVELY CLOSED** without prejudice to it being reopened

upon a motion by any party.[1]  The Court further **ORDERS** that all settings and deadlines previously governing this case are terminated.

The Court further **ORDERS** that the Parties shall file a Joint Status Report no later than October 30, 2026.

It is SO ORDERED.

Signed on July 16, 2026.

_____

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

[1]     A federal district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936).  This is a device that district courts frequently use to shelve pending but dormant cases, and such cases may be reopened upon request of the parties or on the court's own motion. *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004).